IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

IN RE: §
§
ACM-Texas, LLC, § Case No. 08-70200-RBK
§ Chapter 11
Debtor. §

## MOTION TO OBTAIN RELIEF FROM STAY AGAINST PROPERTY

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

COMES NOW Movant, TEXAS ARCHITECTURAL AGGREGATE (hereinafter "Movant"), through its attorney of record, Corey W. Haugland, complaining of the Debtor, ACM-Texas, LLC, and would respectfully show the Court the following:

1. The Court has jurisdiction over this proceeding pursuant to 11 U.S.C. Section 362, and Bankruptcy Rules 4001 and 9014.

2. The Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on October 10, 2008.

3. Adequate cause for relief from stay exists and in support thereof Movant would respectfully show the following:

    A. A forcible detainer action is pending in the County Court of Culberson County, Texas, in which Movant herein is Plaintiff and the Debtor herein is the Defendant.

    B. On August 1, 2000, Movant, as Landlord, and Applied Chemical Magnesias Corporation, as Tenant, entered into a written lease (hereinafter, the "Lease"). Sometime after the Lease was made and at a time unknown to Movant, ACM-Texas, LLC began occupying the Lease premises and began tendering rental payments on

the property. All rental checks tendered since January 1, 2003 have not been cashed, since the Debtor refused to build a separation facility required to make magnesium hydroxide as required under the Lease. Plaintiff has never approved the assignment of this Lease to ACM-Texas, LLC, as required by the Texas Property Code.

C. For the first five years of the Lease, the yearly rental was $600.00, payable in advance; and, the Debtor tendered the rent. After the first five years, the rental went up under the Lease by a percentage factor based on the consumer price index. The effective date of the Lease was August 1, 2000; and, the annual payments for the Lease were due prior to August 1st of each year. In August, 2005, ACM-Texas, LLC tendered a check for $600.00. ACM-Texas, LLC was notified that the payment was not sufficient under the terms of the Lease and the check was not cashed. Neither ACM-Texas, LLC, nor its managing partner, nor anyone else paid or tendered any money to cover the inflation factor built into the Lease. In December, 2005, notice was given that the Lease was cancelled for non-payment of the rent. In July, 2006, another check for $600.00 was tendered by ACM-Texas, LLC as the annual rent payment. This check was returned to the attorney for ACM-Texas, LLC.

D. Pursuant to § 24.005 of the Texas Property Code, Movant gave the Debtor written notice to vacate the Lease premises by August 19, 2006. Despite having received notice to vacate, the Debtor failed to move out. On August 3, 2007, the Debtor tendered a $600.00 check dated August 1, 2007 for the annual rent. Movant returned the check and rejected the tender by letter dated August 31, 2007.

E. Thereafter, Movant initiated a forcible detainer action in the Justice Court for Culberson County. After judgment was entered in favor of Movant in the Justice

Court, an appeal was taken *by the Debtor de novo* in the County Court of Culberson County, Texas. There is currently pending in the County Court of Culberson County, Texas, the complaint for forcible detainer filed by Texas Agricultural Aggregate, Inc., Plaintiff, vs. ACM-Texas, LLC, Defendant, in Cause Number 1135.

4. Movant, TEXAS ARCHITECTURAL AGGREGATE, seeks a final judgment and/or a dispositive order in the forcible detainer case filed by TEXAS ARCHITECTURAL AGGREGATE as Case Number 1135 in the County Court for Culberson County, Texas. Entry of said final judgment or dispositive order was stayed by operation of § 362(a) of Title 11 upon the filing of the Original Petition for Relief herein.

5. Movant seeks to be relieved from said stay because the Debtor has no property interest to protect in the forcible detainer action. The Lease at issue has previously been terminated pursuant to its terms and Texas law. Since the Debtor has no recognizable property interest in the August 1, 2000 Lease between the Movant and Applied Chemical Magnesias Corporation, the Bankruptcy Court does not have jurisdiction over the dispute. If this matter had been removed to the U.S. Bankruptcy Court for administration, it would be the proper subject of a Motion for Abstention under 28 U.S.C. § 1334(c) and/or a Motion to Remand under 28 U.S.C. § 1452(b).

6. Since the Debtor does not have any equity in the Lease and since such Lease is not necessary for an effective reorganization, good cause exists to vacate the automatic stay provided by 11 U.S.C. §362(a) of the Bankruptcy Code, and to allow Movant to obtain entry of a final judgment or dispositive order in Cause Number 1135 pending in Culberson County, Texas described hereinabove, in order to obtain possession of the property which is the subject of the Lease. Movant recognizes and understands that it is not able to recover any fees, costs or damages against the Debtor in the final judgment to be entered in the State Court proceedings.

**WHEREFORE, PREMISES CONSIDERED,** TEXAS ARCHITECTURAL AGGREGATE, INC. moves this Court for an Order modifying the automatic stay in order for Cause Number 1135 to proceed to final disposition in the County Court of Culberson County, Texas, and for such other and further relief as is just.

DATED this 4th day of November, 2008.

Respectfully submitted,

JAMES & HAUGLAND, P.C.
P.O. Box 1770
El Paso, Texas 79949-1770
Phone: 915-532-3911
FAX: (915) 541-6440

By: _____
Corey W. Haugland
State Bar No. 09234200
Attorney for Movant
TEXAS ARCHITECTURAL AGGREGATE

## CERTIFICATE OF SERVICE

I, Corey W. Haugland, certify on this the 5th day of October, 2008, a true and correct copy of the foregoing Motion to Obtain Relief From Stay was sent to:

Alvaro Martinez, Jr.
1703 N. Big Spring
Midland, TX 79701

ACM-Texas, LLC
P.O. Box 270941
Fort Collins, CO 80527

U.S. Trustee
P.O. Box 1539
San Antonio, TX 78295

and to all parties listed on the attached matrix.

_____
Corey W. Haugland